### Frank Turner, Appellee, v. Manufacturers and Consumers Coal Company, Appellant.

1. MINES AND MINERS—*when wilful violation established.* The operator is liable to a miner injured as the result of an explosion resulting from a failure to observe the provisions of the Mines and Miners Act. The fact that precautionary marks or signals were placed at the entrance to the room in which the explosion occurred does not relieve such operator from liability if such marks or signals were not intended as a notice to the miner to keep out.

2. MINES AND MINERS—*what not defense to action charging wilful violation.* Contributory negligence consisting in a failure to observe signals of precaution is not a defense to an action under the Mines and Miners Act where a wilful violation thereof has been established.

3. EVIDENCE—*impropriety of questions calling for conclusions.* It is proper to sustain objections to questions the answers to which would have usurped the functions of the jury.

4. EVIDENCE—*when opinions as to mental capacity incompetent.* It is improper to permit lay witnesses to testify to the mental capacity of a party the validity of whose execution of a release is in question without proper foundation for their opinions being laid.

5. APPEALS AND ERRORS—*when erroneous admission of evidence will not reverse.* Erroneous admission of evidence will not reverse where the court after the admission of the improper evidence has

Turner v. Manufacturers and Consumers Coal Co., 161 Ill. App. 534.

emphatically directed and instructed the jury to disregard such evidence.

6. APPEALS AND ERRORS—*when special interrogatory cannot be complained of.* A special interrogatory submitted by the court of its own motion cannot be urged as ground for reversal because of the omission of an alleged essential element if the complaining party in one of its instructions to the jury on the same issue has likewise omitted such element.

7. INSTRUCTIONS—*effect of use of "negligently" instead of "wilfully."* In an action under the Mines and Miners Act, *held,* that the use of the word "negligently" instead of the word "wilfully" did not constitute ground for reversal.

8. INSTRUCTIONS—*when inaccurate upon question of exercise of ordinary care, will not reverse.* In an action under the Mines and Miners Act where wilful violation of such act was established, *held,* that an instruction on the subject of ordinary care which improperly limited the exercise of such care to the precise time when the plaintiff was injured, did not constitute ground for reversal.

Action in case for personal injuries. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

LE FORGEE, VAIL & MILLER, for appellant.

McGINLEY & WILEY, for appellee.

PER CURIAM: Appellee recovered a verdict and judgment against appellant in the Circuit Court of Macon county for $12,791, as damages for personal injuries. The declaration contains seven counts. The first three counts charge common law negligence and allege in varying phraseology that appellant negligently failed to keep that portion of its mine in which appellee worked in a reasonably safe condition for the use of its employes, but negligently permitted large quantities of gas to accumulate therein; that appellee being ignorant of the presence of said gas and while in the exercise of due care for his own safety was severely burned by an explosion, caused by his lamp coming in contact with said gas. The fourth count alleges the wilful failure of appellant to maintain cur-

536     APPELLATE COURTS OF ILLINOIS.

Turner v. Manufacturers and Consumers Coal Co., 161 Ill. App. 534.

rents of fresh air sufficient for the health and safety of all men employed in the rooms, entries and passageways in said mine, and to force said currents of fresh air through said working places, so that all parts of said mine should be reasonably free from deleterious air, as required by section 19 of the Mines and Miners Act. The fifth count charges that appellant wilfully failed to inspect and mark dangerous conditions and also wilfully permitted appellee to enter and work in said mine except under the direction of the mine manager before all conditions had been made safe, as provided in section 18 of said act. The sixth count charges a wilful failure of the mine examiner to make a conspicuous mark at appellee's working place as notice to all men to keep out and to report his finding as to gas in that portion of said mine, as required by said section 18. The seventh count alleges knowledge by appellant of the presence of gas in said mine and that appellant permitted appellee to enter and work therein without being under the direction of the mine manager contrary to the provisions of said section 18. To this declaration appellant pleaded the general issue and three special pleas averring a release and settlement by and with appellee of the cause of action. To the special pleas appellee replied, first, that at the time said release was executed he was mentally incapable of understanding what he was doing and that appellant's agents with knowledge of his mental incapacity fraudulently induced him to execute the same, and second, that appellee was mentally weak and incapable, and that appellant's agents knowing that fact fraudulently represented to appellee that said release was for money paid out by appellant for the benefit of appellee and thereby induced him to execute the same.

Sometime prior to October 28, 1907, being the day on which appellee was injured, a fall had occurred in one of the rooms in appellant's mine, a distance of about

THIRD DISTRICT—MAY, 1911.          537

Turner v. Manufacturers and Consumers Coal Co., 161 Ill. App. 534.

seventy-five feet from the entrance, and gas had accumulated in a pocket in the roof of the room. At the time of the fall the room had been driven a distance of about 125 feet, and rails had been laid from the neck of the room to the face of the coal. After the fall the room was abandoned as a working place for digging coal, and about two weeks before the injury to appellee, all the rails in the room except for a distance of from twenty to twenty-five feet from the neck or entrance had been removed. A tie was placed across the ends of the rails toward the face and there was written on the tie with chalk the words ''Gas in the hole don't go by this tie.'' On a board at the right of the entrance to the room was written ''Gas,'' or ''Gas in room,'' or ''Gas in hole.'' Appellee was employed by appellant as a company man and at the time of his injury was working on the night shift. At about 10 o'clock on the night of October 27, appellee and one Tawzins were directed by appellant's foreman, Rittman, to clean up a fall in the third south off of the main entry. In the prosecution of this work appellee and Tawzins used a coal car which they filled with material which had fallen and hauled the same to the fifth west entry filling the same. After filling said entry they searched for some other place in which to haul and unload the material and for that purpose selected the room heretofore described in which appellee was injured. They pushed the loaded cars into the room to the end of the rails and there unloaded the material. They had thus unloaded two cars and appellee was engaged in unloading the third car, when the open light in his cap communicated with the gas in the room causing a fire or explosion whereby he was burned and seriously and permanently injured. Appellee was alone at the time of his injury and testified that while unloading the car he stood at the end of the car about a foot beyond the ends of the rails and threw the material with a shovel as far as he could toward the face of the room; that

538     APPELLATE COURTS OF ILLINOIS.

Turner v. Manufacturers and Consumers Coal Co., 161 Ill. App. 534.

when the explosion occurred he had stepped forward four or five feet from the ends of the rails for the purpose of throwing the material with his shovel. It is uncontroverted that an accumulation of gas had existed in the room for several weeks prior to the time appellee was injured and that appellant had actual notice of that condition.

The evidence relating to the direction in which the current of air was being forced in the room is conflicting. Cryer, appellant's mine examiner, testified that the air in the room flowed away from the face toward the neck of the room, and we think the jury was warranted in so finding. The evidence also tends to show that the examinations made of the room for the purpose of determining the presence and extent of gas were made with a light which was carried near the floor of the room, and that the greatest accumulation of gas was above that point toward the roof.

It is insisted on behalf of appellant that the marks at the entrance of the room, and upon the tie at the ends of the rails within the room were sufficient notice within the meaning of the statute to all men to keep out, and that it is not liable under the count of the declaration which charges a wilful failure in that regard. A clear preponderance of the evidence discloses that said marks were not intended to effect that result, but were merely intended as precautionary signals; that no specific directions were given to appellee and Tawzins as to where the material from the fall should be unloaded, but that they were at liberty to unload same in any proper and appropriate place; that the room in which appellee was injured was properly used by him as a "job" room in which to unload refuse material and that appellant must be held to have anticipated and expected said room to be used for that purpose.

The presence of the rails in the room and the mark, "Gas in the hole; don't go by this tie," upon the tie

at the end of the rails were invitations to appellee and his buddy to enter and use the room, at least as far as the end of the rails. If appellee in the performance of his work in the room carelessly went beyond the end of the rails, his conduct in that regard would only amount to contributory negligence, which is not available to appellant as a defense under the appropriate counts of the declaration which charge a wilful failure to comply with the provisions of the statute. There is ample evidence to support a recovery under the fourth and seventh counts of the declaration and the court did not err in refusing to give the peremptory instructions tendered by appellant. Neither can we · say that the verdict of the jury upon the issues presented by those counts of the declaration is clearly against the weight of the evidence.

Upon the issues raised by the special pleas and replications thereto, viz.: whether or not at the time he signed the release in evidence appellee had sufficient mental capacity to understand what he was doing and whether or not the agents of appellant had notice of such want of mental capacity on the part of appellee, the evidence is close and conflicting. We have examined the record with care, and without attempting an analysis of the testimony in detail we are compelled to the conclusion that we would be unwarranted in disturbing the verdict of the jury upon those issues, supported as it is by the approval of the trial judge.

The action of the trial court in sustaining appellee's objections to certain questions propounded by counsel for appellant to the witness Overholt was proper. The answers to such questions would have usurped the functions of the jury.

It is urged that appellant was prejudiced by the admission of the testimony of the witnesses Bryson, McAdams and Sister Attila as to the mental condition of appellee in the hospital when he signed the release, and whether or not, in their opinion, he had sufficient

mental capacity to transact ordinary business. The opinion evidence of these witnesses was improperly admitted because no sufficient foundation was laid therefor, but thereafter during the trial the court verbally directed the jury to disregard the same, and at the close of the evidence a written instruction to the same effect was given to the jury. We are of opinion that the error in admitting the evidence complained of was cured and rendered harmless by the emphatic direction and instruction by the court to disregard such evidence.

The trial court upon its own motion submitted to the jury two special interrogatories, as follows:

"1. At the time the release introduced in evidence by the defendant was presented to plaintiff did he have sufficient mental capacity to understand and appreciate the nature and effect and consequences of signing and delivering the release?"

"2. At the time the release introduced in evidence by the defendant was presented to plaintiff for execution did the defendant, by its agents, falsely and fraudulently pretend that it was merely a receipt for money already paid out and for the purpose of securing the services of a physician and to enable plaintiff to live at the hospital?"

The first interrogatory was answered by the jury in the negative and the second in the affirmative. It is urged that the second of said interrogatories was improperly submitted because an answer to it either in the affirmative or the negative would not be inconsistent with the general verdict, and because there is no evidence in the record upon which such interrogatory might properly be predicated. The first ground of objection is based upon the absence in the interrogatory of the element of any reliance by appellee upon the supposed false pretenses of appellant's agents. If this element was necessary in the interrogatory, its omission was not harmful in view of the answer to the first interrogatory. Furthermore, appellant omit-

ted the same element in its submission of the same is-sue by its seventeenth instruction. The second ground of objection, even if tenable, is not available to appellant because the seventeenth instruction given at its instance submits the same issue to the jury.

There is no force in the objection to the twelfth instruction given at the request of appellee that it improperly assumes he was injured in a working place within the meaning of the statute. That portion of the instruction merely recites the requirement of the statute in substance. The jury were fully instructed that appellee could not recover unless he was injured in a "working place" or a "place where men were expected to pass or work." Furthermore the seventh instruction given at the request of appellant assumes that appellee was injured in a "working place" within the meaning of the statute. The instruction improperly uses the word "negligently" instead of the word "wilfully" in referring to the failure of appellant to comply with the provisions of the statute as set forth, but considering the record in its entirety we do not regard the error in that respect sufficiently prejudicial to require a reversal of the judgment. That appellant wilfully, that is consciously, permitted gas to accumulate and remain in the place where appellee was injured is not seriously controverted.

It is urged that the twentieth instruction given at the request of appellee improperly limits the exercise of due care and caution by appellee to the precise time when he was injured regardless of his conduct in putting himself in a place of danger. The instruction is not free from the fault indicated, but as it was only applicable to the counts which charge common law negligence, and the evidence warrants a recovery under the fourth and seventh counts which charge a wilful failure to comply with the statute, the error was not harmful to appellant.

The instructions tendered by appellant and refused

by the court were sufficiently covered by other instructions given at its instance.

The record is free from prejudicial error and the judgment is affirmed.

*Affirmed.*